UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

UNITED STATES OF AMERICA                                            PLAINTIFF

v.                                                  CRIMINAL ACTION NO. 4:22-CR-0027-GNS

**ELIJAH LOVELL**                                                                 DEFENDANT

<u>SENTENCING MEMORANDUM</u>
*-Filed Electronically-*

Comes the United States of America, by counsel, Assistant United States Attorney Frank E. Dahl III, and files its sentencing memorandum in this action currently scheduled for a sentencing hearing on May 30, 2024. The United States has received and reviewed the Presentence Investigation Report (PSR) for the above-named defendant, Elijah Lovell. Having found no substantial errors with the PSR, the United States has no objections thereto. The United States anticipates that members of the victim(s) families in this case may wish to make a statement to the Court at the sentencing hearing. Victim impact statements have already been to submitted to the Court for its review before the hearing.

<u>FACTUAL BACKGROUND – OFFENSE CONDUCT</u>

The United States agrees with the factual background and offense conduct as set forth in the final PSR. (DN 32 PSR, ¶¶ 14-34).

<u>GUIDELINE LEVEL CALCULATION</u>

The United States agrees with the total Guideline Offense Level calculation of 37, as determined by the United States Probation Office (DN 32 PSR, ¶ 49).

## CRIMINAL HISTORY

The United States agrees with the criminal history calculation prepared by the United States Probation Office of a Criminal History Category II. (*Id*. at ¶ 59).

## SENTENCING FACTORS

As noted above the United States agrees with the United States Probation Office's final Presentence Investigation Report guideline calculations and believes that the defendant's total advisory Guideline Offense Level should be 37, with a Criminal History Category of II, which produces a sentencing range of 240 months to 293 months in prison (due in part to the mandatory minimum sentence of 20 years by statute). (*Id*. at ¶ 80).

This Court must impose a sentence for Mr. Lovell which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). That section directs courts to consider the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–

    . . .

(5) any pertinent policy statement--

    . . .

(6)     the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)     the need to provide restitution to any victims of the offense.

As this Court is aware, the parties in this case entered into a "C" plea agreement, with an agreement that a sentence of not less than 240 months, nor more than 276 months is the appropriate disposition in the case. The defendant entered a plea of guilty to two separate counts of distribution of fentanyl resulting in death. Based upon the specific facts of this case, including the charged offenses as well as the detailed relevant conduct as set forth in the PSR, the United States asks this Court to impose a sentence of 276 months. As is discussed below, while this sentence is one that is above the low end of the guideline range, the facts of the case do not support a low-end sentence.

To begin, the nature and circumstances of the offense in this case warrant a sentence of 276 months. As is discussed in the PSR, the investigation in this case revealed a lengthy, ongoing fentanyl trafficking operation being conducted by the defendant from late 2021 through the spring of 2022. Between December 2021 and January 2022, Mr. Lovell conducted multiple transactions wherein he distributed round blue pills marked "M30" to a confidential source. These pills have become a plague in the United States in recent years, as they are created to look like Oxycodone pills, but are actually counterfeit pharmaceutical pills that actually contain fentanyl. This was confirmed by the lab tests conducted on the pills sold by the defendant.

On January 31, 2022, the first victim, J.H., was found deceased from an overdose by his aunt. The medical examiner determined the victim died from fentanyl intoxication. Subsequent investigation conducted by law enforcement determined that the victim overdosed on counterfeit pharmaceutical pills containing fentanyl, which were distributed to the victim by the defendant. Based on the investigation and when the victim was found, it seems he would have ingested the fentanyl pills the day before he was found. J.H. was 25 years old when he died.

On that same day, January 31, 2022, a second victim, "W.S.", was hospitalized following a drug overdose. The investigation revealed this victim had purchased two "Percocet" pills from the defendant. During the transaction, Lovell told the victim to be careful with the pills because someone else had overdosed from them on Monday. Clearly, the defendant was well aware of the lethal nature of the drugs he was selling.

Less than four months later, on May 7, 2022, law enforcement responded to another drug overdose in Henderson, Kentucky. There, they found the victim, "C.G.", deceased. He was found by his friend. The investigation into this victim's death again revealed that the overdose was caused by pills designed to look like Percocets but were in fact fentanyl. The investigation again revealed the defendant sold the fatal drugs to the victim. C.G. was 16 years old when he died.

Finally, on September 9, 2022, the defendant was arrested by the Henderson Police Department at a hotel. During his arrest, he was found in possession of a large quantity of blue pills, drug trafficking paraphernalia, and a firearm.

The above facts and circumstances outline why a substantial sentence is appropriate and necessary in this case. The evidence that this wasn't a one-time event for this defendant. Nor was this a common occurrence of friends sharing a pill. This defendant made a business out of selling the very drug that is wreaking havoc on lives in the Western District of Kentucky. A sentence of 276 months is appropriate to reflect the seriousness of this offense and Mr. Lovell's egregious conduct.

A substantial sentence is in this case is also necessary to promote respect for the law and for deterrence. During the course of conduct in this case, Mr. Lovell demonstrated a level of callousness that must be addressed. Despite knowing a customer had died, he continued to engage in selling the same drugs. A sentence of 276 months is appropriate to deter Mr. Lovell from future

criminal conduct, and, more generally, to deter others from continuing to sell these incredibly lethal drugs.

Mr. Lovell's conduct in this case took two lives from the community. No amount of time in prison will bring those individuals back to their families. But, by imposing the sentence requested by the United States, this Court can help address their loss and deter future similar crimes.

## CONCLUSION

WHEREFORE, based on the reasons set forth above, the United States respectfully requests the Court to impose a sentence of 276 months.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

_____
Frank E. Dahl III
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
PH: (502) 582-6772
Email: frank.dahl@usdoj.gov

CERTIFICATE OF SERVICE

      It is hereby certified that on May 24, 2024, the foregoing was electronically filed with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendant.

_____
Frank E. Dahl III
Assistant United States Attorney