UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
(Filed Electronically)

CRIMINAL ACTION NO.: 4:22CR-27-GNS

UNITED STATES OF AMERICA,                                    PLAINTIFF,

vs.

ELIJAH LOVELL,                                                  DEFENDANT.

## DEFENDANT'S SENTENCING MEMORANDUM

The Defendant, Elijah Lovell, respectfully submits this Sentencing Memorandum. A sentencing hearing is scheduled for May 30, 2024. Mr. Lovell requests that the Court accept the "C" plea agreement and further requests that the Court impose a sentence of 240 months imprisonment.

### A. Charges and Statutory Sentencing Range.

Mr. Lovell entered guilty pleas to both counts of the Indictment: two counts of Distribution of Fentanyl Resulting in Death pursuant to 21 U.S.C. §841(a)(1) and §841(b)(1)(C). These charges carry not less than twenty years and not more than life imprisonment, followed by not less than three years of supervised release.

### B. PSR.

Mr. Lovell has no objections to the Presentence Investigation Report.

### C. Plea Agreement.

1

On January 24, 2024, Mr. Lovell entered into a Plea Agreement with the United States pursuant to Rule 11(c)(1)(C). Per this Agreement, Mr. Lovell and the United States agree that: 1) a sentence of between 240 months and 276 months is the appropriate disposition of this case; 2) a reduction of three levels below the otherwise applicable guideline range for "acceptance of responsibility" is appropriate, provided Mr. Lovell does not engage in conduct that demonstrates a lack of such acceptance; and 3) a fine at the lowest end of the applicable range is appropriate, if the Court determines that he is able to pay a fine.

**D. Guideline Sentencing Range.**

Pursuant to the Presentence Investigation Report ("PSR"), Mr. Lovell's advisory Guideline calculations are:

| | |
|---|---|
| Base Offense Level, USSG §2D1.1 | 38 |
| Possession of a firearm during relevant conduct, USSG §2D1.1(b)(1) | +2 |
| Acceptance of Responsibility USSG §3E1.1(a) and (b) | -3 |
| Total Offense Level | 37 |
| Criminal History Category    (3 points) | II |
| Guideline Range | 235-293 months |

Due to the mandatory minimum, the guideline range is actually 240 to 293 months.

**E. Mr. Lovell's Background and Circumstances**

Mr. Lovell will be 21 years old in September.[1] He was been in custody since September of 2022, when he was 19.[2] The conduct charged in this case occurred when he was 18 years old.[3] He recognizes that he will spend at least the next 20 years in prison and has resolved to take advantage of the opportunities that he will have so that, once released, he can live a life different from his past and different from the lives of his parents.

Mr. Lovell's early life was characterized by the intermittent absence of his father and the physical and mental abuse perpetrated by both his mother and his father.[4] Both of his parents are currently incarcerated for drug offenses.[5] Both also have a history of drug and alcohol abuse.[6] Mr. Lovell's maternal grandmother served as a source of stability and support during his childhood, but not a consistent one. He spent his childhood moving between her home and the chaotic custody of his mother.[7] He saw a therapist for a time from the age of 13 and has been prescribed medications in the past.[8] His grandmother believes that his mother was reluctant to arrange mental health treatment for her son.[9] Mr. Lovell also experienced addiction himself, from a very young age. He used marijuana daily from the age of 13 up to his arrest in 2022.[10] He first used methamphetamine when he was 18 and was

---

[1] PSR, para. 64.
[2] PSR, release status.
[3] PSR, para. 15 to 30.
[4] PSR, para. 64.
[5] Id.
[6] Id.
[7] Id.
[8] PSR, 71.
[9] PSR, para. 72.
[10] PSR, para. 73.

using the drug a couple of times a week at the time that he was arrested.[11] His greatest problem was with pills, including those containing fentanyl. He first used any opiate at age 13.[12] While there was a break in his use from age 15 until age 17, by the time of his arrest at age 19, he was using Percocet 30s, whether real or counterfeit, daily.[13] He was also using benzodiazepines, as often as he could get them, during this period of time.[14]

Mr. Lovell intends to participate in drug treatment and to build on the supportive family relationships that he does have. He still enjoys the support of his maternal grandmother, who would allow him to reside with her upon his release.[15] He also has maintained close relationships with his paternal grandparents and aunt and with his siblings.[16]

### F. Concurrent Sentences under USSG §5G1.3

USSG §5G1.3(c) directs that a sentence shall be imposed to run concurrently with an anticipated state sentence that results from an offense that is relevant conduct to the instant offense. This is the case here for the conduct at issue in Henderson County cases 22CR0536 and 24CR369.[17] Therefore, Mr. Lovell requests

---

[11] Id.
[12] Id.
[13] Id.
[14] Id.
[15] PSR, para. 67.
[16] See PSR, para. 67.
[17] See PSR, para 32, 33, 61, 62, and 82.

that the Court implement this provision by ordering that this sentence run concurrently with the anticipated sentences in those cases.

### G. Requested Sentence.

Mr. Lovell requests that the Court accept the Rule 11(c)(1)(C) plea agreement and that the Court impose a sentence of 240 months. He also requests that the Court waive any fine due to his inability to pay.[18] Finally, pursuant to USSG §5G1.3(c), he requests that the Court order the sentence in this case to run concurrently with the anticipated sentences in 22CR0536 and 24CR369 from Henderson Circuit Court.

A 240-month sentence is a sentence that is contemplated by statute, as it is the mandatory minimum for the two charges. A 240-month sentence is also near what a low-end guideline sentence would be for this case in the absence of the mandatory minimum. It is a substantial sentence, particularly for Mr. Lovell, as someone who has never served a sentence of any length as an adult. A 240-month sentence is also nearly equal to his current age. Such a lengthy sentence is certainly one that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment. It will also serve as a deterrent for future criminal conduct by Mr. Lovell and sends a strong message to others who might engage in such conduct. Importantly, while serving this sentence, Mr. Lovell will have opportunities to improve his prospects upon release. He intends to complete much-needed substance abuse treatment and will have the opportunity to further his education and to gain skills that will help him find employment. With a 240-month sentence, and the

---

[18] See PSR, para. 78.

opportunities afforded for progress and rehabilitation, the public will be protected not only for the period of his imprisonment, but also after his release, because he will be equipped to survive and progress within the bounds of the law.  Therefore, a sentence totaling 240 months will be sufficient, but not greater than necessary, to comply with all of the purposes set out in 18 U.S.C. § 3553(a).

**WHEREFORE,** the defense respectfully requests that the Court sentence him to serve a concurrent sentence of 240 months, waive the applicable fine, and impose a term of supervised release with conditions deemed appropriate by the Court.

Respectfully submitted,

/s/ Angela M. Rea
Assistant Federal Defender
200 Theatre Building
629 Fourth Street
Louisville, Kentucky 40202
(502) 584-0525

Counsel for Defendant.

## **CERTIFICATE**

      I hereby certify that on May 28, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

      /s/ Angela M. Rea